IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES BRINDLE, REBECCA GREGG, and DIANA GUTHRIE,

Plaintiffs,

v.

MCKESSON CORPORATION, et al.,

Defendants.

No. C 12-05970 WHA

**ORDER REQUESTING ADDITIONAL BRIEFING**

In this pharmaceutical product liability action, plaintiffs move to remand back to state court. Defendants oppose on federal question and supplemental jurisdiction grounds. In *PLIVA, Inc. v. Mensing*, 131 S.Ct. 2567 (2011), the Supreme Court held that state failure-to-warn claims are preempted by federal law. While "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citations omitted) (emphasis in original), there is an "independent corollary." *See id.* (citations omitted). "On occasion, the Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Then, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim,

and therefore arises under federal law." *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal*, 463 U.S. 1, 24 (1983)).

This order requests additional briefing on this issue. Specifically, the parties must address the following three questions:

*First*, after *Mensing*, are plaintiffs' state failure-to-warn claims here "completely pre-empted" such that federal-question jurisdiction is proper?

*Second*, in the event that federal question jurisdiction is proper, has Congress explicitly authorized a private right of action regarding the labeling of manufacturers of generic drugs or alternatively, has one been implied by law?

*Third*, what effect (if any) will the Supreme Court's decision in *Mutual Pharm. Co., Inc. v. Bartlett*, 133 S.Ct. 694 (2012), *granting cert. to Bartlett v. Mutual Pharm. Co., Inc.*, 678 F.3d 30 (1st Cir. 2012), have on this action?

All defendants are to file one joint brief of no more than ten pages by **NOON ON MARCH 25, 2013**. All plaintiffs are to file one joint brief of no more than ten pages by **NOON ON MARCH 25, 2013**.

**IT IS SO ORDERED.**

Dated: March 19, 2013.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE