1

2

3

4

5

6                                IN THE UNITED STATES DISTRICT COURT

7                             FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   JAMES BRINDLE, REBECCA GREGG,
     and DIANA GUTHRIE,
11                                                          No. C 12-05970 WHA
12                    Plaintiffs,

13        v.
                                                           **ORDER REQUESTING**
14   MCKESSON CORPORATION, et al.,                         **ADDITIONAL BRIEFING**

15                    Defendants.
                                                    /
16

17            In this pharmaceutical product liability action, plaintiffs move to remand back to state

18   court.  Defendants oppose on federal question and supplemental jurisdiction grounds.  In *PLIVA,*

19   *Inc. v. Mensing*, 131 S.Ct. 2567 (2011), the Supreme Court held that state failure-to-warn claims

20   are preempted by federal law.  While "it is now settled law that a case may *not* be removed to

21   federal court on the basis of a federal defense, including the defense of pre-emption,"

22   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citations omitted) (emphasis in original),

23   there is an "independent corollary."  *See id.* (citations omitted).  "On occasion, the Court has

24   concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an

25   ordinary state common-law complaint into one stating a federal claim for purposes of the well-

26   pleaded complaint rule.'"  *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65

27   (1987)).  Then, "[o]nce an area of state law has been completely pre-empted, any claim

28   purportedly based on that pre-empted state law is considered, from its inception, a federal claim,

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    and therefore arises under federal law." *Id.* (quoting *Franchise Tax Bd. of State of Cal. v.*

2    *Constr. Laborers Vacation Trust for S. Cal*, 463 U.S. 1, 24 (1983)).

3          This order requests additional briefing on this issue.  Specifically, the parties must

4    address the following three questions:

5          *First*, after *Mensing*, are plaintiffs' state failure-to-warn claims here "completely

6    pre-empted" such that federal-question jurisdiction is proper?

7          *Second*, in the event that federal question jurisdiction is proper, has Congress explicitly

8    authorized a private right of action regarding the labeling of manufacturers of generic drugs or

9    alternatively, has one been implied by law?

10         *Third*, what effect (if any) will the Supreme Court's decision in *Mutual Pharm. Co.,*

11   *Inc. v. Bartlett*, 133 S.Ct. 694 (2012), *granting cert. to Bartlett v. Mutual Pharm. Co., Inc.*,

12   678 F.3d 30 (1st Cir. 2012), have on this action?

13         All defendants are to file one joint brief of no more than ten pages by **NOON ON**

14   **MARCH 25, 2013**.  All plaintiffs are to file one joint brief of no more than ten pages by **NOON**

15   **ON MARCH 25, 2013**.

16

17         **IT IS SO ORDERED.**

18

19   Dated:  March 19, 2013.

                                        _____
20                                       WILLIAM ALSUP
                                        UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28

                                        2